

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

PATTY L. FUNKHOUSER, )
)
    Plaintiff, )
) Civil Action No. 5:12cv00005
v. )
)
ADMINISTRATIVE COMMITTEE OF )
THE PILGRIM'S PRIDE )
RETIREMENT SAVINGS PLAN, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

Before the court is the Administrative Committee of the Pilgrim's Pride Retirement Savings Plan ("the Committee"), Renee Debar, and Judith Sitton's (collectively, "Defendants") **Motion to Transfer Venue (Dkt. # 28)**, in which Defendants seek to transfer claims brought by plaintiff Patty Funkhouser to the United States District Court for the Northern District of West Virginia. This matter has been fully briefed. Because the court finds that transferring venue serves the interest of justice in this case, Defendants' motion must be granted.

### I.

Funkhouser is a former employee of Pilgrim's Pride Corporation ("Pilgrim's Pride"), a poultry processing company operating in the United States, Mexico, and Puerto Rico. Pilgrim's Pride is a subsidiary of JBS USA. Funkhouser is a participant in the Pilgrim's Pride Retirement Savings Plan (the "Retirement Plan"), which the Committee[1] administers. DeBar is JBS USA's Head of Benefits and serves as Chair of the Committee. JBS USA employs Sitton as Manager of

---

[1] The Committee has offices in Freely, Colorado.

1

its Retirement and Deferred Compensation Plans, and Sitton also serves as a member of the Committee.

In her complaint, Funkhouser contends that Defendants did not provide her with Retirement Plan documents requested pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). In order to fully comprehend the issues pertinent to Defendants' motion to transfer venue, it is necessary to first reference a previous action that Funkhouser brought in the Northern District of West Virginia, which Funkhouser describes in her current complaint.

## A. The Simmons Action in the Northern District of West Virginia

On January 5, 2009, Funkhouser sent Debar a letter requesting documents relating to the operation and maintenance of the Retirement Plan, pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4). On February 4, 2009, Debar sent Funkhouser a set of documents in response to this request. Included in this set of documents were the documents known as the Second Amendment to the Retirement Plan, the Third Amendment to the Retirement Plan, the Fifth Amendment to the Retirement Plan, and the Retirement Plan's January 1, 2004 Amendment and Restatement.

On October 9, 2009, Funkhouser, with three co-plaintiffs, filed a class action (the "Simmons action") pursuant to ERISA § 502(c)(1),[2] 29 U.S.C. § 1132(c)(1), in the Northern District of West Virginia, naming the Committee and Debar as co-defendants. Simmons v. Pilgrim, No. 2:09-121, 2010 WL 4683745, at *1 (N.D. W.Va. Nov. 10, 2010). In the Simmons action, the plaintiffs claimed, in relevant part, that the defendants breached their fiduciary duty by not providing valid Retirement Plan documents as required under ERISA. Id. at *2-4. More specifically, the plaintiffs alleged that the Retirement Plan's January 1, 2004 Amendment and

---

[2] Funkhouser and her co-plaintiffs alleged a violation under ERISA § 104(b)(4), brought the civil action as beneficiaries of the Retirement Plan under ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1), and sought relief pursuant to ERISA § 502(c)(1).

Restatement, as well as the First and Third Amendments to the Retirement Plan, were invalid due to lack of execution. Id. at *1-3. Additionally, the plaintiffs claimed that the Second Amendment to the Retirement Plan was invalid because it was compiled from pages taken from different versions of the amendment. Id.

Judge John Preston Bailey, the presiding judge over the Simmons action in the Northern District of West Virginia, dismissed without prejudice the plaintiffs' claims regarding the aforementioned documents for failure to exhaust administrative remedies. Id. at *14-15. Moreover, Judge Bailey dismissed the plaintiffs' claims for breach of fiduciary duty against the Committee with prejudice. Id. at *14. In doing so, Judge Bailey stated that, under ERISA, a committee was not a person and therefore could not be a fiduciary. Id. at *3 n.3.

On February 17, 2011, the plaintiffs requested additional documents from the Committee, including the document known as the Pilgrim's Pride Retirement Savings Plan (December 31, 2009 Amendment and Restatement) (the "2009 Plan"). On March 18, 2011, the plaintiffs received the requested documents, including an allegedly unexecuted copy of the 2009 Plan. In the interim period, on March 7, 2011, the plaintiffs brought an administrative claim to the Committee regarding the documents they received pursuant to their January 2009 and February 2011 requests. The Committee denied both the plaintiffs' original claim and their appeal. After the denial of their administrative claim, the plaintiffs recognized that the documents received from Debar were valid and did not renew the class action regarding those documents.

## B. The Present Action

On January 18, 2012, Funkhouser filed the instant action in this court in the Western District of Virginia. In her complaint, Funkhouser alleges four violations under ERISA §

3

502(c)(1) against Defendants for failure to furnish the Second Amendment to the Retirement Plan, the Third Amendment to the Retirement Plan, the Fifth Amendment to the Retirement Plan, and the 2009 Plan. Defendants now seek to transfer venue to the Northern District of West Virginia, where the <u>Simmons</u> action was brought.

Defendants argue that transfer of venue is in the interest of justice and promotes judicial economy because Funkhouser's present action is merely a continuation of the <u>Simmons</u> action, or, at the very least, is based upon the same substantive facts as the <u>Simmons</u> action. Additionally, Defendants argue that they, as well as relevant witnesses and documents, are located outside the Western District of Virginia; therefore, transfer to the Northern District of West Virginia will not cause a greater inconvenience to the parties than litigating in this court.

Funkhouser opposes the request to transfer venue and denies Defendants' claim that this matter is a continuation of the <u>Simmons</u> action, instead arguing that the present action is a separate action seeking relief under a different ERISA section. Moreover, Funkhouser asserts that Defendants have not shown that the Western District of Virginia is an "overwhelmingly inconvenient" venue, and Funkhouser's choice of venue, as plaintiff, should be given deference.[3]

## II.

The standard under which a court can exercise its discretion to transfer venue is set forth in 28 U.S.C. § 1404(a). This provision states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Consequently, the court's decision to transfer venue follows a

---

[3] Funkhouser is a resident of Fulk's Glen, Virginia, which is located within the Western District of Virginia. She worked for Pilgrim's Pride in Broadway, Virginia, which is also located in this district. Funkhouser claims that the <u>Simmons</u> action was filed in the Northern District of West Virginia because two co-plaintiffs were residents there. These co-plaintiffs are not parties to the present action.

4

two-part analysis. First, the court must determine whether the proposed venue is a forum in which the original complaint could have been brought. TechnoSteel, LLC v. Beers Constr. Co., 271 F.3d 151, 160 (4th Cir. 2001). Second, the court should consider relevant factors, including "'the plaintiff's [initial] choice of venue; witness convenience and access; the convenience of the parties; and the interest of justice.'" Shire LLC v. Mickle, No. 7:10-00434, 2011 WL 607716, at *4 (W.D. Va. Feb. 11, 2011) (quoting Precision Franchising, LLC v. Coombs, No. 1:06-1148, 2006 WL 3840334, at *2 (E.D. Va. Dec. 27, 2006)). Finally, the moving party bears the burden of showing that transfer of venue is proper. Alltech, Inc. v. Myriad Dev., Inc., No. 5:08-00045, 2008 WL 5119670, at * 4 (W.D. Va. Dec. 5, 2008).

## A. Northern District of West Virginia as a Proper Forum

To transfer venue under § 1404(a), the court must first determine whether the proposed venue is a forum in which the original claim could have been brought. TechnoSteel, 271 F.3d at 160. According to the ERISA venue provision, an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). Funkhouser was a named party in the Simmons action filed in the Northern District of West Virginia. In the Simmons action complaint, Funkhouser and her co-plaintiffs stated, in relevant part, that "[v]enue is proper in this judicial district pursuant to ERISA§ 502(e)(2), 29 U.S.C. § 1132(e)(2) because the Plan was administered in [the Northern District of West Virginia] . . . ." Simmons Complaint, Dkt. #1, Ex. 7, at 3, ¶7. The "Plan" referenced in the Simmons action complaint is the same Retirement Plan at issue in the current matter. Consequently, Funkhouser has previously admitted that the Retirement Plan is administered in the Northern District of West Virginia, and neither party disputes this claim now. Moreover, relevant Fourth Circuit case law indicates that, in the context

5

of ERISA, permissible venue locations should be expanded rather than restricted.[4] Consequently, the court finds that this claim could have originally been brought in the Northern District of West Virginia, so the first prong of the transfer of venue analysis is satisfied.

## B. Four-Factor Test to Transfer Venue

Next, the court must weigh the factors listed in Shire in order to decide whether a transfer of venue is appropriate based on the particular facts and circumstances in this case. The first factor to consider is plaintiff's choice of venue. Shire, 2011 WL 607716, at *4. Because Funkhouser resides in the Western District of Virginia, her choice of this district as the forum for the instant action is afforded substantial weight. See Alpharma, Inc. v. Purdue Pharma L.P., 634 F. Supp. 2d 626, 633 (W.D. Va. 2009). However, "the deference given to plaintiff's choice is entitled to less weight where there is little to connect the chosen forum with the cause of action." Glamorgan Coal Corp. v. Ratners Grp. PLC, 854 F. Supp. 436, 438 (W.D. Va. 1993). In this case, while Funkhouser has substantial contact with the Western District of Virginia, her claim as a whole does not. Although she worked for Pilgrim's Pride within this district, her claims center on the Committee's failure to furnish Retirement Plan documents. The Committee is located in Greely, Colorado, and all correspondence between Funkhouser and Defendants regarding this action occurred outside the Western District of Virginia. Consequently, although Funkhouser's choice of original forum is given deference, this factor is not dispositive given the tenuous connection between her cause of action and the Western District of Virginia.

The second factor that the court must consider is "witness convenience and access." Shire, 2011 WL 607716, at *4. It is of course difficult to foresee what specific witnesses will be called in this matter. However, as discussed above, the vast majority of the relevant actions and

---

[4] See Trs. of the Nat'l Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc., 578 F. Supp. 94, 95 (D.C. Md. 1983) (stating that courts should broadly construe the ERISA venue provision, ERISA § 502(e)(2), in order to reduce procedural obstacles that may keep ERISA fiduciaries and beneficiaries from adjudicating claims).

omissions of the parties occurred outside the Western District of Virginia. Consequently, most witnesses, aside from Funkhouser, will likely have to travel to either of the proposed districts. Thus, Defendants' witnesses will likely find both the Western District of Virginia and the Northern District of West Virginia equally convenient, while Funkhouser's witnesses, given her residence in this district, will likely favor the Western District of Virginia. In this case, the factor of witness convenience and access weighs in Funkhouser's favor.

The third factor that the court must consider is "the convenience of the parties." Id. As discussed above, Defendants reside in Colorado and concede that both proposed forums will be equally convenient as they will need to travel to both Virginia and West Virginia to pursue this matter. In contrast, Funkhouser maintains that the Western District of Virginia is more convenient for her because it is her home district. Funkhouser is the only party who will likely be inconvenienced by one forum more than another; therefore, it is more convenient for the parties as a whole if the case remains in the Western District of Virginia.

The fourth and final factor that the court must weigh is the "interest of justice." Id. One element that courts consider when analyzing this factor is the promotion of judicial economy. Samsung Elecs. Co., Ltd. v. Rambus, Inc., 386 F. Supp. 2d 708, 721-22 (E.D. Va. 2005). More specifically, the court in Samsung reasoned, "[W]here a party has previously litigated a case involving similar issues and facts[,] a court in that district will likely be familiar with the facts of the case. As a matter of judicial economy, such familiarity is highly desirable." Id. at 722 (internal quotations omitted). In this case, the present action and the Simmons action involve such similar issues and facts. Funkhouser's complaint in this action includes a summary of the Simmons action in the section entitled "Factual and Procedural Background." Complaint, Dkt. #1, at 4. Indeed, Funkhouser readily admits that the Retirement Plan documents at issue in the

present action "were a substantial contributing factor to several of the counts in the Class Action Suit filed on October 9, 2009 by Plaintiff and other individuals."[5] Id. at 2, ¶5. This statement clearly shows that the present action is predicated, at least in some degree, upon the facts and issues litigated in the Simmons action.

Funkhouser claims that the present matter is not a continuation of the Simmons action, but instead involves separate claims brought under a different ERISA section. Specifically, Funkhouser asserts that the Simmons action involved a dispute over the validity of produced Retirement Plan documents, while this action involves Retirement Plan documents that Defendants allegedly never produced. The court finds this proposition, at the very least, questionable. In her complaint in this matter, Funkhouser states, "This action is brought as a civil enforcement action under . . . [ERISA], in particular ERISA § 502(c)(1) . . . ." Id. at 1, ¶1. Funkhouser's complaint then concedes that "[p]laintiff's allegations in the Class Action Suit regarding the improper adoption of plan amendments and improper execution of the plan document itself were, in substantial part, based on and caused by Defendants' failure to provide valid plan documents pursuant to Plaintiff's original request pursuant to ERISA § 502(c)(1) . . . ." Id. at 2, ¶6. Funkhouser's references to the same ERISA statute when describing both actions, coupled with the overlap of documents at the heart of both cases, causes the court to question whether the instant matter is in fact substantially different from the Simmons action.

Based upon Funkhouser's statements in her complaint, it is clear that her current allegations contain facts and issues in common with the Simmons action. Additionally, it is unclear whether Funkhouser has asserted distinct claims in these actions. Thus, in light of the

---

[5] Both the Simmons action and the present matter deal with Funkhouser's attempts to acquire correct Retirement Plan documents. In fact, both cases include claims regarding the Second Amendment to the Retirement Plan, the Third Amendment to the Retirement Plan, the Fifth Amendment to the Retirement Plan, and the Retirement Plan's January 1, 2004 Amendment and Restatement.

preference for judicial economy, it is in the interest of justice to transfer this case to the Northern District of West Virginia, where that court will be most familiar with the differences, if any, between the two cases.

When weighing the interest of justice in a particular case, in addition to the promotion of judicial economy, courts also consider the possibility of inconsistent outcomes between related matters brought in different venues. Samsung, 386 F. Supp. 2d at 721. In this case, Funkhouser charges that the Committee failed to provide her with requested Retirement Plan documents. In the Simmons action, Funkhouser accused the Committee, in relevant party, of breaching its fiduciary duty by failing to provide her with valid Retirement Plan documents. Simmons, 2010 WL 4683745, at *3-4. In the Simmons action, Judge Bailey dismissed the fiduciary claims against the Committee with prejudice, reasoning that, under ERISA, "a committee is not a person and, therefore, cannot be a fiduciary." Id. at *3 n.3. As discussed above, although Funkhouser alleges that she is bringing entirely different claims in this matter, her complaint contains significant factual and legal overlaps with the Simmons action. Therefore, it further serves the interest of justice to transfer venue to the Northern District of West Virginia, where the court there will be better equipped to guard against inconsistent outcomes between this matter and its prior rulings in the Simmons action.

### III.

In sum, the court finds that the Northern District of West Virginia is a proper venue where this claim could have been originally brought. Moreover, although the court finds that the factors of deference to Funkhouser's choice of venue, convenience of the witnesses, and convenience of the parties weigh slightly in favor of denying Defendants' motion to transfer venue, the interest of justice weighs heavily in favor of transferring venue in this case. For the

reasons stated above, the interest of justice, including the desire to promote judicial economy and protect against inconsistent outcomes, outweighs the other factors and is dispositive.

Accordingly, **IT IS ORDERED** that Defendants' **Motion to Transfer Venue (Dkt. # 28)** is **GRANTED**, and, pursuant to § 1404(a), this matter, including Defendants' **Motion to Stay and Compel Arbitration (Dkt. #37)**, is transferred to the United States District Court for the Northern District of West Virginia.

Entered: June 25, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge